﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 191218-50533
DATE: January 31, 2020

REMANDED

Service connection for Meniere's syndrome is remanded.

A total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is remanded.

REASONS FOR REMAND

The Board notes that the rating decision on appeal was originally issued in July 2013. In December 2019, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d).

The Veteran served on active duty from August 1965 to August 1969. Although he originally initiated a legacy appeal of a July 2013 rating decision, he opted into the Appeals Modernization Act (AMA) review system by submitting a Decision Review Request (VA Form 10182) in response to a November 2019 supplemental statement of the case (SSOC), and requested a Direct Review by the Board. Thus, the Board will consider the November 2019 SSOC as the Agency of Original Jurisdiction’s (AOJ) rating decision for purposes of this appeal. All evidence then of record is subject to review.

 

1. Service connection for Meniere's syndrome is remanded.

The July 2013 and May 2019 VA examinations are cumulatively inadequate because they fail to adequately consider all alleged theories of entitlement. Specifically, they do not properly consider the Veteran’s competent lay reports (which the prior October 2018 legacy remand effectively conceded) regarding dizziness that began in service or whether his current Meniere’s disease might be either caused or aggravated by his service-connected hearing loss or tinnitus. 

2. A total disability rating based on individual unemployability due to service-connected disabilities (TDIU) is remanded.

The outcome of the other claim on appeal here will materially affect the scope and substance of the instant claim and, therefore, the two are inextricably intertwined. Moreover, a review shows the November 2019 decision on appeal bases its denial of TDIU on a medical opinion which, crucially, appears based solely on an actual examination of his audiological disabilities rather than all pertinent service-connected disabilities.

The matters are REMANDED for the following action:

1. Please note that this Veteran’s case has been advanced on the docket and, by law, ALL remanded claims MUST be processed expeditiously.

2. Schedule the Veteran for an examination by an ear, nose, and throat (ENT) specialist or other appropriate clinician to determine the likely cause of his Meniere’s disease. The examiner MUST ELICIT A COMPLETE, DETAILED MEDICAL HISTORY AND SUBJECTIVE REPORT regarding the disability on appeal. Based on a review of the record, examination of the Veteran, and any tests or studies deemed necessary, the examiner must respond to the following:

(a.) Is it AT LEAST AS LIKELY AS NOT (A 50 PERCENT PROBABILITY OR GREATER) that the Veteran’s Meniere’s disease is related to his military service? The examiner MUST CONSIDER AND DISCUSS the significance of the Veteran’s competent lay reports of dizziness that began in service and the possibility that EITHER his hearing loss, tinnitus, or both were early manifestations of Meniere’s disease (particularly considering a December 2000 private treatment record suggests his tinnitus was “evolving” into Meniere’s disease).

(b.) Is it AT LEAST AS LIKELY AS NOT (A 50 PERCENT PROBABILITY OR GREATER) that his Meniere’s disease is CAUSED BY OR PROXIMATELY DUE TO his service-connected hearing loss?

(c.) Is it AT LEAST AS LIKELY AS NOT (A 50 PERCENT PROBABILITY OR GREATER) that his Meniere’s disease is AGGRAVATED (WORSENED BEYOND ITS NATURAL PROGRESSION, REGARDLESS OF PERMANENCE) BY his service-connected hearing loss?

(d.) Is it AT LEAST AS LIKELY AS NOT (A 50 PERCENT PROBABILITY OR GREATER) that his Meniere’s disease is CAUSED BY OR PROXIMATELY DUE TO his service-connected tinnitus?

(e.) Is it AT LEAST AS LIKELY AS NOT (A 50 PERCENT PROBABILITY OR GREATER) that his Meniere’s disease is AGGRAVATED (WORSENED BEYOND ITS NATURAL PROGRESSION, REGARDLESS OF PERMANENCE) BY his service-connected tinnitus?

The examiner MUST ALSO COMMENT ON the expected impact of the Veteran’s Meniere’s disease on his ability to function in an occupational setting, to include describing the overall functional impairment it causes and the types of activities or work it would preclude versus those that would remain feasible. 

All opinions must include a detailed rationale. Providing an opinion or conclusion without enough explanation will delay processing of the claim and require further clarification.

3. Then, arrange for the Veteran to be examined by the appropriate physician(s) or clinician(s) to determine the occupational impact of ALL SERVICE-CONNECTED DISABILITIES (i.e., bilateral hearing loss, depression, irritable bowel syndrome, headaches, and tinnitus). The examiner MUST ELICIT a complete, detailed subjective history and report describing how disabilities impact his ability to perform different tasks or daily functioning generally. The examiner MUST ALSO elicit a complete educational, vocational, and work history. Based on an examination, review of the record, and any tests or studies deemed necessary, the examiner should describe all limitations and functional impairment due solely to service-connected disabilities and indicate how these might impact the Veteran’s ability to function in occupational settings, to include identifying the types of activities or work that would be precluded and those that might remain feasible.

All opinions must include a detailed rationale. Providing an opinion or conclusion without one will delay processing of the claim and may require clarification. 

 

 

VICTORIA MOSHIASHWILI

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board M. Yuan, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.